FILED'09 JUN 9 14:30USDC-ORP

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


VINCENT B. THOMPSON,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

Civil No. 07-6326-HA

OPINION AND ORDER

HAGGERTY, District Judge:

Plaintiff Vincent Thompson seeks judicial review of a final decision by the Commissioner of the Social Security Administration denying his application for Supplemental Security Income (SSI). This court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g). For the following reasons, the Commissioner's decision is REVERSED AND REMANDED for further proceedings.

## PROCEDURAL BACKGROUND

Since March 11, 1998, plaintiff has filed three applications for Social Security benefits. The third application is before this court.

First, plaintiff filed an application for Disability Insurance Benefits (DIB) on September 8, 2000. Tr. 433.[1] Plaintiff's first application was submitted to an ALJ who denied benefits on January 28, 2003. Tr. 24. This court affirmed the Commissioner's decision on December 20, 2004.

While plaintiff's application for DIB benefits was pending, plaintiff filed an application for SSI on February 12, 2003. Tr. 433. This application was denied but was not appealed to an ALJ. *Id.*

On May 28, 2004, plaintiff re-applied for SSI. *Id.* This second SSI application was denied initially on December 20, 2004, and upon reconsideration on April 5, 2005. *Id.* An ALJ held a hearing on plaintiff's second SSI application on December 12, 2006. *Id.* The ALJ considered testimony from plaintiff, his girlfriend, and a vocational expert (VE). Plaintiff was represented by counsel. The ALJ denied benefits on June 8, 2007. Tr. 452.

## FACTS

The relevant facts, which are drawn from the administrative record and the ALJ's decision, are summarized here. At the time plaintiff appeared before the ALJ he was forty-nine years old. Plaintiff alleges continuing disability since March 11, 1998. Plaintiff has a high school education and past relevant work experience as a warehouse worker, plumber's apprentice, and a painter.

---

[1] Tr. refers to the Transcript of the Administrative Record.

Plaintiff alleges disability from physical and mental impairments including degenerative disc disease, assorted musculoskeletal deformities, neuritis, radiculopathy, and depression. Other facts will be discussed as necessary.

## STANDARDS

To establish eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits. 20 C.F.R. §§ 404.1520, 416.920.

First, the Commissioner determines whether the claimant is engaged in SGA. If the claimant is so engaged, disability benefits are denied.

If not, the Commissioner proceeds to the second step and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe." 20 C.F.R. § 404.1520(a). If the claimant lacks this kind of impairment, disability benefits are denied. 20 C.F.R. § 404.1520(c).

If at least some of the claimant's impairments are severe, the Commissioner proceeds to the third step to determine whether the impairment or impairments are equivalent to one or more impairments that the Commissioner has recognized to be so severe that they are presumed to preclude SGA. *See* 20 C.F.R. § 404.1520(d). These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments or the Listings). The Listings describe impairments which qualify as severe enough to be construed as *per se* disabling. 20 C.F.R. §§ 404.1525, 416.925;

3- OPINION AND ORDER

*Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999).

The claimant has the burden of producing medical evidence that establishes all of the requisite medical findings for a listed impairment. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005); *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). If the claimant's condition meets or equals one in the Listing of Impairments, the claimant is presumed conclusively to be disabled.

If the impairment is not one that is presumed to be disabling, the Commissioner determines the claimant's residual functional capacity (RFC), which is the most an individual can do in a work setting despite the total limiting effects of all their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), and Social Security Ruling (SSR) 96-8p.

The Commissioner then proceeds to the fourth step to determine whether the impairment prevents the claimant from engaging in work that the claimant has performed in the past. If the claimant is able to perform his or her former work, a finding of "not disabled" is made and disability benefits are denied. *See* 20 C.F.R. § 404.1520(e).

If the claimant is unable to perform work that he or she has performed in the past, the Commissioner proceeds to the fifth and final step and determines if the claimant can perform other work in the national economy in light of his or her RFC, age, education, and work experience.

In this five-step framework used by the Commissioner, the claimant has the burden of proof at steps one through four. Accordingly, the claimant bears the initial burden of establishing his or her disability.

At the fifth step, however, the burden shifts to the Commissioner to show there are a significant number of jobs in the national economy that the claimant can perform given his or her

RFC, age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).

If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits under the Act. 20 C.F.R. § 404.1520(f)(1). If the Commissioner meets this burden, the claimant is deemed not disabled for purposes of determining benefits eligibility. 20 C.F.R. §§ 404.1566, 404.1520(g).

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett*, 180 F.3d at 1097; *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted). The Commissioner's denial of benefits is upheld even if the evidence is susceptible to more than one rational interpretation, so long as one of the interpretations supports the decision of the Administrative Law Judge (ALJ). *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002); *Andrews*, 53 F.3d at 1039-40.

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098. The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances where the evidence supports either outcome. *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998).

However, a decision supported by substantial evidence still must be set aside if the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision. *Reddick*, 157 F.3d at 720.

5- OPINION AND ORDER

## SUMMARY OF THE ALJ'S FINDINGS

At step one, the ALJ found plaintiff had not engaged in SGA since March 11, 1998. Tr. 437, Finding 1.

At step two, the ALJ found that plaintiff suffered the following medically determinable impairments: degenerative disc disease, depression, and residuals of cervical surgery in March 2005. *Id.*, Finding 2.

At step three, the ALJ found that plaintiff's impairments, singly or in combination did not meet or medically equal the requirements of any listed impairment. *Id.*, Finding 3.

The ALJ further determined that plaintiff has the RFC to "sit, stand, or walk for six hours in an eight-hour day; he can lift 20 pounds occasionally and 10 pounds frequently; he should only occasionally stoop or crawl[]; he should have limited public contact; and he should not have detailed instructions." *Id.*, Finding 4.

At step four, the ALJ found plaintiff unable to perform his past relevant work based upon testimony of the VE at the hearing. Tr. 451-52.

At step five, the ALJ, after consulting with the VE, concluded that there are jobs that exist in significant numbers in the national economy that plaintiff could perform. Tr. 452.

## DISCUSSION

Plaintiff contends that this court should remand the Commissioner's final decision for an award of benefits or further proceedings due to a number of alleged errors including: (1) failing to consider medical evidence; (2) improperly considering lay testimony; (3) improperly assessing plaintiff's testimony; (4) improperly rejecting the opinions of treating physicians; (5) improperly rejecting the opinions of examining physicians; and (6) providing an incomplete hypothetical to

the VE.

1. **Medical Evidence**

Plaintiff asserts that the ALJ committed reversible error by: (a) failing to consider all diagnoses at step two; (b) failing to consider relevant medical evidence and thereby misunderstanding the extent of plaintiff's limitations; and (c) failing to accept a diagnosis of fibromyalgia as both a determinable impairment and as a firm diagnosis requiring acknowledgment and consideration. Plaintiff's arguments are unpersuasive.

a. **Step Two**

Plaintiff contends that by failing to consider numerous diagnoses at step two, the ALJ committed clear and reversible error. Pl. Resp. Br. at 1. Plaintiff asserts that this incomplete analysis at step two invalidates the ALJ's findings at subsequent steps. Plaintiff's argument is unpersuasive because the nature of analysis required at step two is not as plaintiff contends and the ALJ properly considered all evidence at subsequent steps.

Step two is a de minimis screening device used to eliminate claims based upon non-severe impairments. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). "An impairment is not severe if it is merely 'a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities.'" *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (citations omitted).

Here the ALJ concluded that due to the combined effects of degenerative disc disease, depression, and residuals of cervical surgery, plaintiff has severe impairments. The ALJ did not mention all plaintiff's impairments at step two, however, the ALJ subsequently discussed all significant probative evidence. Any alleged error at step two is rendered harmless by a thorough

analysis at subsequent steps. *See Lewis v. Astrue*, 498 F.3d 909 (9th Cir. 2007) (failure to mention plaintiff's bursitis during step two discussion rendered harmless by the ALJ's subsequent discussion at step four).

### b. Consideration of medical evidence

An ALJ "need not discuss *all* evidence presented to her. Rather, she must explain why 'significant probative evidence has been rejected.'" *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir.1984) (citation omitted).

Plaintiff has compiled a list of medical terms the ALJ did not discuss and asserts that the ALJ did not consider all of his impairments.

Plaintiff's cites magnetic resonance imaging results and other examination notes that were not specifically discussed by the ALJ. *See e.g.* Tr. 160, 347-52, 656, 952. While these examining physicians notations do mention many afflictions, the ALJ was not required to mention every piece of evidence presented to her. See *Vincent*, 739 F.2d at 1394-95.

Plaintiff asserts that the ALJ did not consider his degenerative disc disease at C6-C7. (Tr.853)," however, the ALJ listed degenerative disc disease as one of plaintiff's severe impairments. Tr. 437. This acknowledgment reasonably encompasses degenerative disc disease at C6-C7.

The diagnoses plaintiff refers to are repetitive and encompass a large cross-section of time. That the ALJ did not mention every possible medical diagnosis contained in the one-thousand page record is not reversible error. *Vincent*, 739 F.2d at 1394-95. The ALJ properly considered all significant probative evidence as required by law.

### c. Fibromyalgia

Plaintiff argues that the ALJ improperly considered evidence of his alleged fibromyalgia. However, no physician ever made an affirmative diagnosis of fibromyalgia.

First, plaintiff asserts that Dr. Dunn, a treating physician, made an affirmative diagnosis of fibromyalgia. Pl. Reply Br. at 3-5. However, Dr. Dunn did not assess plaintiff on March 21, 2003 as asserted by plaintiff. *Id.* Rather, it appears that Dr. Dunn referred plaintiff to Dr. Balm at Neurology Associates. Dr. Balm stated an "impression" of "possible fibromyalgia," however, he did not make a fibromyalgia diagnosis. Tr. 624. Plaintiff then returned to Dr. Dunn who resumed treatment. The ALJ did properly consider Dr. Balm's other diagnoses of no neurologic deficits and chronic pain syndrome, with significant impact on Plaintiff's activities. Tr. 439.

Second, Dr. Kincade, a treating physician, did indicate a diagnosis of fibromyalgia in a letter to plaintiff's attorney dated June 9, 2005 stating: "ongoing problems with fibromyalgia." Tr. 834. However, Dr. Kincade never made a diagnosis of fibromyalgia at any point in his own treatment notes and only mentioned it in passing to plaintiff's attorney.

With respect to his alleged fibromyalgia diagnosis, plaintiff points to references in the record of "several" tender points but never to any firm diagnosis. Pl. Reply Br. at 3-6. However, "the rule of thumb is that the patient must have at least 11 [tender points] to be diagnosed as having fibromyalgia." *Rollins v. Massanari*, 261 F.3d 853, 855 (9th Cir. 2001). The only other evidence of fibromyalgia was based on plaintiff's subjective complaints, which the ALJ did not take as credible. Without more evidence, the ALJ was justified in giving brief treatment to this diagnosis. Tr. 442.

Even an affirmative diagnosis of fibromyalgia would not be dispositive. Rather, the

9- OPINION AND ORDER

Ninth Circuit has noted in a similar context:

> Somebody has to make a judgment as to whether a medical condition prevents a person from doing her work, and the governing instrument assigns the discretion to the claims administrator. With a condition such as fibromyalgia, where the applicant's physicians depend entirely on the patient's pain reports for their diagnoses, their *ipse dixit* cannot be unchallengeable. That would shift the discretion from the administrator, as the plan requires, to the physicians chosen by the applicant, who depend for their diagnoses on the applicant's reports to them of pain. That the administrator ultimately rejects the applicant's physicians' views does not establish that it 'ignored' them.

*Jordan v. Northrop Grumman Corp. Welfare Benefit Plan*, 370 F.3d 869, 878 (9th Cir. 2004).

The evidence in the record is insufficient to persuade the court that the ALJ erred. The ALJ noted a possible diagnosis of fibromyalgia, gave it appropriate weight, and incorporated rather than omitted it from plaintiff's RFC.

### 2. Lay witness testimony

Plaintiff argues the ALJ improperly rejected oral and written testimony of plaintiff's girlfriend Ms. Settle.

An ALJ must consider lay witness testimony when it is presented. 20 C.F.R. §§ 404.1513(d)(4) & (e), 416.913(d)(4) & (e); *see also Stout v. Commissioner*, 454 F.3d 1050, 1053 (9th Cir. 2006) (citing *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)). Lay testimony as to a claimant's symptoms is considered competent evidence and cannot be disregarded without comment. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) (citations omitted).

To discount the testimony of lay witnesses, an ALJ must give reasons that are germane to each witness. *Stout*, 454 F.3d at 1053; *see also Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) (lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless the ALJ "expressly determines to disregard such testimony and gives reasons

10- OPINION AND ORDER

germane to each witness for doing so" (citations omitted)). When an ALJ fails to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless "unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout*, 454 F.3d at 1053.

Ms. Settle testified at plaintiff's hearing before the ALJ that she had been with the plaintiff for over seven years, living with the plaintiff for the past six. Tr. 1041-43. Ms. Settle described worsening symptoms of plaintiff's condition, commenting that she had taken over most household duties. *Id.*

In written testimony, Ms. Settle stated that plaintiff was awakened multiple times at night by chronic pain. Tr. 534, 561. Ms. Settle testified that when plaintiff goes shopping, he usually cannot complete the shopping and must return to the car due to pain. Tr. 534, 536, 563. Ms. Settle also stated that plaintiff cannot walk over one-hundred yards without resting ten to fifteen minutes. Tr. 534, 565.

The ALJ's treatment of Ms. Settle's testimony was cursory at best:

> Insomuch as the claimant himself is not credible, the testimony of Ms. Settle, or other lay statements regarding the issue of disability, must be discounted. Even if accurate, which is doubtful, her testimony would reflect the appearance which the claimant, a less than credible individual, has chosen to make.

Tr. at 451.

The ALJ stated that the testimony of Ms. Settle or other lay statements must be discounted because the credibility of the claimant himself was questionable. *Id.* This is not a reason germane to Ms. Settle.

The ALJ goes on to state that whether accurate or not, Ms. Settle's testimony would be

11- OPINION AND ORDER

discounted because it would reflect the appearances the claimant himself would make. *Id.* In effect, the ALJ says that the testimony of any lay witness plaintiff "has chosen" to accompany him should be treated as if it was the testimony of the claimant himself. *Id.* Because this reasoning could be applied to any lay witness the claimant chooses, this is not a reason germane to Ms. Settle.

Defendant argues that "The relationship between a witness and the claimant is relevant to the weight the witness'[s] statement deserves especially when it appears the witness was 'given to advocate for the claimant's disability.'" Def. Br. at 18 (quoting *Greger v. Barnhart*, 464 F.3d 968, 970, 972 (9th Cir. 2006)). Defendant's argument is unpersuasive. The *Greger* court held that the Commissioner properly dismissed the lay witness's testimony by giving two germane reasons: (1) that the witness's "statements are inconsistent with [Greger's] presentation to treating physicians during the period at issue, and with [Greger's] failure to participate in cardiac rehabilitation;" and (2) that "she was possibly 'influenced by her desire to help [him].'" Similar germane reasons were not given by the ALJ in this case.

The ALJ's error cannot be construed as harmless, because this court cannot "confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout*, 454 F.3d at 1053.

A remand for further proceedings is unnecessary if the record is fully developed, and it is clear from the record that the ALJ would be required to award benefits. *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). The decision whether to remand for further proceedings turns upon the likely utility of such proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000).

This court concludes that outstanding issues remain that must be resolved before a determination of disability can be made. Pursuant to this remand, the ALJ shall reconsider the medical evidence, consider any additional medical evidence plaintiff may choose to submit, provide a thorough analysis either accepting or rejecting the testimony of treating and examining physicians, and give proper, full consideration to all lay testimony.

## CONCLUSION

For the reasons provided, this court concludes that pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner denying benefits to Vincent B. Thompson must be REVERSED and REMANDED FOR FURTHER PROCEEDINGS consistent with this Order and the parameters provided herein.

IT IS SO ORDERED.

DATED this 9 day of June, 2009.

Ancer L. Haggerty
United States District Judge